IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GORDON COLE, SR., #297280, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:16-CV-345-WKW |
| | ) | |
| JAMES M. "MICKEY" COUNTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Gordon Cole, Sr. ("Cole"), a state inmate, challenges the revocation of his probation by the Circuit Court of Coffee County, Alabama, on November 12, 2014. Cole also complains that the Circuit Clerk of Coffee County, Alabama, James M. "Mickey" Counts, improperly withheld his legal mail sent to the trial court from the Dale County Jail in November 2014 and placed this mail in an envelope received from the plaintiff in January 2015 with a return address of Kilby Correctional Facility so as to thwart his ability to file a timely Notice of Appeal challenging the probation revocation. Cole seeks federal prosecution of defendant Counts, reinstatement to probation and monetary damages for the alleged violations of his constitutional rights.

Upon review of the complaint, the court concludes that the claims challenging the revocation of probation and the request for criminal prosecution of the defendant are subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

---

[1] The court granted Cole leave to proceed *in forma pauperis*. *Order of May 24, 2016 - Doc. No. 4*. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss any claim prior to service of

## II.  DISCUSSION

### A.  Facts[2]

In August 2014, law enforcement officials in Dale County, Alabama, arrested Cole on two controlled substance charges.  At the time of this arrest, Cole was serving a term of probation on a prior conviction for first degree assault imposed upon him by the Circuit Court of Coffee County, Alabama.  The trial court revoked Cole's probation based on the circumstances of his arrest for the controlled substance offenses and implemented the full potential sentence applicable to the underlying assault conviction.[3]  Cole is presently incarcerated pursuant to the fifteen-year sentence imposed upon him due to the revocation of his probation.

### B.  Probation Revocation

Cole alleges that the state court violated his constitutional rights in revoking his probation, rescinding the initial split sentence and imposing a sentence of fifteen-years imprisonment upon him.  These claims go to the fundamental legality of the revocation of Cole's probation and his incarceration on the sentence issued at the time of revocation.  Consequently, the challenges to the revocation of probation presented in the instant complaint provide no basis for relief at this time. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"

---

process if it determines that the claim is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2]The facts are gleaned from the complaint and supporting documents filed by the plaintiff.

[3]Judge Sharon R. Clark presided over the probation revocation proceedings.

and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [actions] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges" the basis for or duration of his incarceration. *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of his conviction, a subsequent probation revocation or any sentence resulting from either such action is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the basis for his incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Miller v. Indiana Dep't of Corrs.*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."). In *Balisok*, the Supreme Court emphasized "that

a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

It is clear that neither the probation revocation nor sentence which form the basis for Cole's current incarceration has been reversed, expunged, impugned or invalidated in an appropriate state or federal action. *Heck* and its progeny therefore bar Cole's use of any federal civil action, other than an application for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on his probation revocation and/or sentence. 512 U.S. at 489 ("We do not graft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [probation revocation] or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the claims presented herein which seek relief from the revocation of probation and resulting sentence imposed upon Cole in November 2014 by the Circuit Court of Coffee County, Alabama, are not cognizable in this cause of action and are therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Prosecution of Defendant Counts

Cole seeks criminal prosecution of defendant Counts under federal law for alleged mail tampering. A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Nelson v. Skehan*, 386 F. App'x 783, 786 (10th Cir. 2010) (plaintiff has no constitutional right to have a defendant prosecuted); *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169, at *1 (6th Cir. 1999) ("[T]he district court properly dismissed [Plaintiff's] complaint as frivolous . . . [because] contrary to [his]

belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted."); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981). In addition, federal criminal statutes "do not convey a private right of action." *Rockefeller v. United States Court of Appeals Office for Tenth Circuit Judges*, 248 F.Supp.2d 17, 23 (D.D.C 2003); *Risley v. Hawk*, 918 F.Supp. 18, 21 (D.D.C. 1996), *aff'd*, 108 F.3d 1396 (D.C. Cir. 1997) (no private right of action exists under federal statute criminalizing conspiracies to deprive an individual of his constitutional rights); *Gipson v. Callahan*, 18 F.Supp.2d 662, 668 (W.D.Tex 1997) ("Title 18 U.S.C. § 242 makes it a crime to willfully deprive persons under color of law of their rights under the Constitution or laws of the United States. The statute does not create a private cause of action. *Powers v. Karen*, 768 F.Supp. 46, 51 (E.D.N.Y. 1991), *aff'd*, 963 F.2d 1552 (2nd Cir. 1992); *Dugar v. Coughlin*, 613 F.Supp. 849, 852 n.1 (S.D.N.Y. 1985)."). Thus, Cole's request for criminal prosecution of defendant Counts is subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) as the claim alleges violation of a legal interest which clearly does not exist.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims challenging the revocation of probation and the sentence imposed by the trial court upon such revocation be dismissed without prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Judge Sharon R. Clark and Probation Officer Jared McPhaul be dismissed as defendants in this cause of action.

3. The plaintiff's claim seeking prosecution of defendant Counts for tampering with his mail be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

4. The plaintiff's claim that defendant Counts tampered with his legal mail in violation of his constitutional right of access to the court be referred back to the undersigned for further proceedings.

It is further

ORDERED that on or before June 15, 2016 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 1st day of June, 2016.

                                                /s/    Wallace Capel, Jr.
                                    UNITED STATES MAGISTRATE JUDGE