IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GORDON COLE, SR., <br> AIS #297280, <br><br> Plaintiff, <br><br> v. <br><br> JAMES M. COUNTS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 1:16-CV-345-WKW <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Gordon Cole, Sr. ("Cole"), a convicted inmate, in which he complains that defendant Counts, the Circuit Clerk of Coffee County, Alabama, tampered with his legal mail in January of 2015 regarding the appeal of that court's decision to revoke his probation.

This court recently obtained information that Cole is no longer at the last address he provided for service.[1]  Upon receipt of this information, the court entered an order allowing Cole an opportunity to file a current address with the court and/or show cause why this case should not be dismissed for his failure to adequately prosecute the action. *Doc. No. 8*.  This order specifically advised Cole that the instant case could not proceed if his whereabouts remained unknown and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. at 1-2.  The Clerk mailed a copy of this order to Cole.  The postal service returned this

---

[1] The last address provided to the court by the plaintiff is the Ventress Correctional Facility.  It appears that the plaintiff was released to the free-world as a search of the inmate database maintained by the Alabama Department of Corrections, http://doc.state.al.us/InmateSearch, indicates that he is not incarcerated within the state prison system.

1

order because Cole no longer resided at the last address provided to the court. Based on the foregoing, the court concludes that this case is due to be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. *See Abreu-Velez v. Bd. of Regents of Univ. Sys. of Ga.*, 248 F. App'x 116, 117-118 (11th Cir. 2007). After such review, the court finds that dismissal of this case is the proper course of action. Initially, the court notes that Cole is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual. Moreover, Cole has failed to provide the court with his current address and, despite being provided an opportunity to do so, has also failed to show cause why this case should not be dismissed for such failure. Most importantly, this case simply cannot properly proceed in Cole's absence. Finally, it appears that Cole is no longer interested in the prosecution of this case as he has failed to contact the court since his release from prison. It is therefore clear that any further effort by this court to secure Cole's compliance with its orders would be unavailing and a waste of scarce judicial resources.

The actions of Cole evidence willful indifference and apathy towards the continuance of this case. Thus, the court concludes that Cole's failure to comply with the orders of this court and his apparent abandonment of this case warrant dismissal. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and his failure to properly prosecute this action. It is further

ORDERED that on or before **February 27, 2017** the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 13th day of February, 2017.


　　　　　　　　　　　　　　　　   /s/    Wallace Capel, Jr.
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE